UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FRANKIE DA DEBOE,  :
                Plaintiff,  :
                                                    :  **MEMORANDUM DECISION**
v.  :
                                                    :  10 CV 7359 (VB)
CARL DUBOIS, OFFICER KESSNER,  :
CHRISTOPHER SHANAHAN, JOHN  :
TSOUKARIS, COLONEL ORSINO, and  :
SGT. RODRIGUEZ,  :
                Defendants.  :
------------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Frankie Da DeBoe brings this action pro se alleging defendants violated his civil rights. Plaintiff seeks damages pursuant to 42 U.S.C. § 1983. Now pending are motions to dismiss the complaint filed by defendants Carl Dubois, Officer Kessner, Colonel Orsino, and Sergeant Rodriguez ("the OCCF defendants") (Doc. #24), and defendants Christopher Shanahan and John Tsoukaris ("the DHS defendants") (Doc. #33). For the following reasons, these motions are GRANTED.

      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      For purposes of ruling on the motions to dismiss, the Court accepts all factual allegations of the amended complaint as true.

      Plaintiff is a former immigration detainee at the Orange County Correctional Facility ("OCCF"). Plaintiff brings this action against employees of OCCF and the Department of

1

Homeland Security's United States Immigration and Customs Enforcement, Office of Detention and Removal ("DHS").

Plaintiff claims defendant Officer Kessner made "very disturbing homosexual remarks" over the intercom from 8:00 am to 2:00 pm on May 29, 2010. Plaintiff alleges Kessner then called plaintiff and demanded sexual favors of him. Plaintiff claims he rejected Kessner's demands, and Kessner punished him for it.

Plaintiff claims he complained about Kessner's behavior to a third-party, Officer Pratt, who referred him to defendant Sergeant Rodriguez. Plaintiff heard Rodriguez indicate that Kessner had done this before and promised to refer plaintiff to the medical unit for evaluation.

OCCF maintains an administrative grievance procedure that provides inmates with a formal process to redress their complaints. Although plaintiff informed one of the officers of the alleged harassment, plaintiff did not utilize the formal grievance procedure.

Plaintiff makes no allegations with respect the remaining defendants in the complaint.

Plaintiff alleges that as a result of this incident he suffers from post-traumatic stress disorder and other psychological injuries.

## DISCUSSION

All defendants move to dismiss for failure to state a claim under Rule 12(b)(6). The DHS defendants further move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

The function of a motion to dismiss under Rule 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded

allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

To determine which allegations it may consider, the Court first identifies conclusory pleadings that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. at 1949-50. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Once it has identified well-pleaded factual allegations, the Court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. at 1950. The Supreme Court has defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556–57).

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore, Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). "[F]ederal courts

are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942). The court should not draw inferences in plaintiff's favor. Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l, Ltd., 968 F.2d 196, 198 (2d Cir. 1992).

I.   Section 1983 Claims

Construing the pleadings liberally under Haines v. Kerner, 404 U.S. 519 (1972), plaintiff's Section 1983 allegations against Kessner appear to be based on the Eighth Amendment's prohibition against cruel and unusual punishment. However, allegations of verbal harassment, unaccompanied by physical injury, do not state an Eighth Amendment violation and thus are not actionable under Section 1983. Felder v. Filion, 368 Fed. Appx. 253, 256 (2d Cir. 2010) (citing Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986)); Jones v. Harris, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009); see also Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (isolated episodes of harassment of inmate did not involve a harm of federal constitutional proportions).

Plaintiff alleges that Kessner verbally harassed and threatened him, and then punished plaintiff for not submitting to his sexual demands. Plaintiff does not claim that Kessner used violence or caused him physical injury at any time. Without accompanying physical injury, such harassment is not sufficient to constitute a violation of the Eighth Amendment. Plaintiff has thus failed to plead a Section 1983 cause of action.

4

Even if plaintiff had adequately pleaded an Eighth Amendment violation, he must establish each individual defendant's personal involvement in the claimed violation to hold that defendant liable under Section 1983. See Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (finding of personal involvement of the individual defendants is a prerequisite to an award of damages under Section 1983). Although plaintiff named the remaining individual defendants in the complaint, he failed to include any facts indicating that they were involved in violating his Eighth Amendment rights. Plaintiff's argument that defendants' employment at OCCF indicates personal knowledge of a pattern of abusive behavior on the part of Kessner is implausible. Furthermore, the mere fact that defendants held positions of seniority at OCCF is insufficient to demonstrate personal involvement. In order to establish the personal involvement of a supervisory defendant, plaintiff must show that defendant: (1) participated directly in the alleged constitutional violation; (2) knew of the wrong and failed to remedy it; (3) created or allowed a policy or custom under which unconstitutional practices occurred; or (4) was grossly negligent in supervising subordinates who committed the wrongful acts. Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995). Plaintiff makes no such allegations, and his Section 1983 claim against the remaining defendants must therefore be dismissed.[1]

II.  Bivens and FTCA Claims

---

[1] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e et seq., requires prisoners to exhaust administrative remedies before bringing a federal lawsuit pursuant to Section 1983. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Although plaintiff claims he verbally complained to an OCCF officer about the incident, he did not comply with OCCF's grievance procedure, and thus failed to exhaust his administrative remedies under the PLRA. His claim must be dismissed on this ground as well.

Even if plaintiff were able to state a cause of action pursuant to Rule 12(b)(6), his claims must be dismissed against the DHS defendants for lack of subject matter jurisdiction. Plaintiff's claims against the DHS defendants fail pursuant to both Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("the FTCA").

To the extent plaintiff seeks to assert a Bivens claim against the DHS defendants acting in their official capacities, his claim must be dismissed. A federal officer may be sued in his individual capacity for violations of certain constitutional rights. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. at 397. However, Bivens suits against officers of the United States acting in their official capacities, or against agencies of the United States, are considered suits against the United States. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). Such claims are barred by the doctrine of sovereign immunity. Because the United States has not waived its sovereign immunity from constitutional tort claims, plaintiff's claim must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). See Sereika v. Patel, 411 F. Supp. 2d 397, 402 (S.D.N.Y. 2006).

To the extent plaintiff seeks to assert a Bivens claim against the DHS defendants in their individual capacities, plaintiff's claim is barred because he fails to allege any specific conduct on the part of those defendants. See Garcia v. Watts, 2009 WL 2777085, at *13 (S.D.N.Y. Sept. 1, 2009) (dismissing Bivens action where complaint contains no substantive allegations against the defendant); Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987). Furthermore, plaintiff cannot sustain a claim based solely on the DHS defendants' supervisory authority over OCCF. See Ashcroft v. Iqbal, 129 S. Ct. at 1948-49.

6

Plaintiff's claims under the FTCA, if any, must also be dismissed. The FTCA provides that a suit against the United States is the exclusive remedy for injury resulting from the negligence or wrongful act of a government employee acting within the scope of his employment. Hightower v. United States, 205 F. Supp. 2d 146, 153 (S.D.N.Y. 2002); 28 U.S.C. § 2679(b)(1). The FTCA specifically precludes a tort suit against federal agencies and makes the only proper federal institutional defendant in such an action the United States. Sereika v. Patel, 411 F. Supp. 2d at 409; see also 28 U.S.C. § 2679(a). Thus, the United States would be substituted for the DHS defendants under the FTCA if the case were to proceed.

Even if the United States were substituted as a defendant, plaintiff's claim against it would fail because he did not exhaust his administrative remedies prior to filing suit. The FTCA provides a limited waiver of the United States's sovereign immunity for certain tortious conduct, and requires that a claimant first exhaust his remedies with the appropriate federal agency. See Sereika v. Patel, 411 F. Supp. 2d at 409 (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). Plaintiff does not allege that he brought his claim to the appropriate federal agency. Because plaintiff did not satisfy this prerequisite under the FTCA, the Court lacks subject matter jurisdiction over his claim. Id.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss the amended complaint (Docs. #24, #33).

The Clerk is instructed to terminate these motions and close this case.

Dated: November 29, 2011
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge